FILED
2013 Aug-07  PM 12:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| BOBBY DUANE KENT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:12-CV-0917-LSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

I.     Introduction

The plaintiff, Bobby Duane Kent, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for a period of disability, Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Mr. Kent timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Kent was forty years old at the time of the Administrative Law Judge's ("ALJ's") decision.  (Tr. at 21-30, 72, 139.)  He has a ninth grade education and has been trained to drive a tractor-trailer. (Tr. at 73-74.) His past work experiences include

employment as a truck driver and driver trainer. (*Id.*) Mr. Kent claims that he became disabled on April 24, 2009, due to obesity, an umbilical hernia, depression, and sleep apnea. (Tr. at 163.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. See 20 C.F.R. §§ 404.1520, 416.920; see also *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001.) The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i.) If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii.) These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. See *Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971.) If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii.) Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii),

416.920(a)(4)(iii.) If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e.)

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv.) If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v.) If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. Kent meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 23.) He further determined that Mr. Kent has not engaged in substantial gainful activity since the alleged onset of his disability. (*Id.*) According to the ALJ, Plaintiff's morbid obesity, recurrent inguinal hernias,

obstructive sleep apnea, chronic obstructive pulmonary disease secondary to morbid obesity and tobacco abuse, depression, and a narcissistic personality disorder are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, the ALJ found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 24.) The ALJ determined that Mr. Kent has the RFC to perform sedentary work with the following additional limitations:

> The claimant can perform work with no operation of foot or leg controls or pedals, and no repetitive overhead reaching or lifting; the claimant may occasionally climb, balance or stoop, but should never kneel or crawl; the claimant should avoid concentrated exposures to extreme heat, humidity, dust fumes, noxious odors and other pulmonary irritants; the claimant should avoid unprotected heights and should not operate dangerous machinery; the claimant should avoid operating a motor vehicle as part of his work duties; and contact with his co-workers, supervisors and the general public should be brief and casual.

(Tr. at 26.)

According to the ALJ, Mr. Kent is unable to perform any of his past relevant work, he is a "younger individual," and he has a "limited education," as those terms are defined by the regulations. (Tr. at 29.) The ALJ determined that "transferability of job skills is not material to the determination of disability because . . . the claimant is 'not disabled,' whether or not the claimant has transferable job skills." (*Id.*) The

ALJ found that Mr. Kent has the residual functional capacity to perform a significant range of sedentary work. (*Id.*) Even though Plaintiff cannot perform the full range of sedentary work, the ALJ used Medical-Vocation Rule 201.25 as a guideline for finding that there are a significant number of jobs in the national economy that he is capable of performing, such as assembler, table worker, and surveillance system monitor. (Tr. at 30.) The ALJ concluded his findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." (*Id.*)

II.     Standard of Review

        This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. See *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002.) The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. See *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996.) The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The

substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966).) Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987.) Moreover, failure to apply the correct legal standards is grounds for reversal. See *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984.)

III.   Discussion

Mr. Kent alleges that the ALJ's decision should be reversed and remanded for two reasons. First, he believes that the ALJ failed to properly consider the combined effect of his impairments. (Doc. 8 at 4.) Second, Plaintiff contends that the ALJ did not give proper weight to his therapist's opinion. (Doc. 8 at 8.)

A.      Combination of Impairments

Plaintiff contends that the ALJ failed to properly consider the combined effects

of his multiple impairments. (Doc 8 at 6.) Specifically, he argues that the ALJ did not

take Plaintiff's obesity into consideration when determining whether Plaintiff's

impairments met or equaled a listed impairment. Social Security regulations require

the ALJ to consider the combined effects of all impairments in evaluating disability:

> In determining whether your physical or mental impairment or
> impairments are of a sufficient medical severity that such impairment or
> impairments could be the basis of eligibility under the law, we will
> consider the combined effect of all of your impairments without regard
> to whether any such impairment, if considered separately, would be of
> sufficient severity. If we do find a medically severe combination of
> impairments, the combined effect of the impairments will be considered
> throughout the disability determination process. If we do not find that
> you have a medically severe combination of impairments, we will
> determine that you are not disabled.

20 C.F.R. § 404. 1523; *see also Swindel v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990).

When a combination of impairments exists, a plaintiff may be found disabled, even

though none of the individual impairments, including pain, is disabling. *Walker v.*

*Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

The Eleventh Circuit has held that the following statement made by an ALJ:

"[B]ased upon a thorough consideration of all evidence, the ALJ concludes the

appellant is not suffering from any impairment, or combination of impairments of

sufficient severity to prevent him from engaging in any substantial gainful activity for a period of at least twelve continuous months," is sufficient evidence of proper consideration of the claimant's combined impairments. *Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1987). *See also Jones v. Department of Health and Human Servs.*, 941 F.2d 1529, 1553 (11th Cir. 1991) (holding that ALJ's statement that though claimant "'has severe residuals of an injury' he does not have 'an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4'" to be sufficient evidence of combined impairment consideration).

In the instant case, the ALJ stated, "even when the effects of the claimant's conditions are considered singly and in combination, the record does not establish that the claimant is subject to an impairment or combination of impairments that meets or equals the requirements of any section of the Listings of Impairments in 20 CFR, Subpart P, Appendix 1, Regulation Number 4." (Tr. at 24.) This language alone is sufficient to demonstrate that the ALJ properly considered Plaintiff's combined impairments. *See Wheeler*, 784 F.2d 1076; *Jones*, 941 F.2d 1553.

Further, and contrary to Plaintiff's assertion, the ALJ specifically found that Plaintiff's obesity was a severe impairment. (Tr. at 23, finding 3.) The ALJ also

explicitly stated that he considered Plaintiff's obesity in conjunction with his other impairments, noting, "The undersigned has considered Social Security Ruling 02-1p, . . . which states that an individual with obesity will be found to meet the requirements of a listing if there is an impairment that, in combination with obesity, meets the criteria of a listing." (Tr. at 24.) The ALJ went on to thoroughly discuss the limitations caused by Plaintiff's obesity and its effects in detail. The ALJ stated that Plaintiff's obesity is not so severe as to preclude all ambulation, reaching, orthopaedic and postural maneuvers. (*Id.*) He noted that Plaintiff's obesity did, however, "in combination with his other conditions, significantly reduce his ability to stand and walk, to stoop or bend, to perform reaching maneuvers with his upper extremities and to maintain postures without the need for alteration." (*Id.*) He also stated, in considering Plaintiff's overall condition, including his obesity, that Plaintiff was to avoid concentrated exposure to extremes in heat, humidity, dust, fumes, noxious odors and other pulmonary irritants. (Tr. at 26.) The ALJ's findings concerning the limitations caused by Plaintiff's obesity clearly indicate that the ALJ properly took Plaintiff's obesity into account when considering whether Plaintiff met the criteria for a listing.  Plaintiff has failed to show that the ALJ's consideration of his obesity was inadequate, and he failed to show that his condition, including his obesity, prevented

him from performing the range of sedentary work delineated by the ALJ. (Tr. at 26, finding 5.)

B.      Weight Given to Plaintiff's Therapist

Plaintiff argues that the ALJ failed to accord appropriate weight to the opinion of his therapist, Ms. Susan Brunson, a licensed clinical social worker. Specifically, Plaintiff complains that the ALJ did not give sufficient weight to Ms. Brunson's opinion that he would neither be able to "obtain a full time job, nor maintain a job" and that he suffers from major depression, posttraumatic stress disorder, panic disorder and generalized anxiety disorder. (Tr. at 289-90.)

When discussing the weight the ALJ assigned to Ms. Brunson's testimony, the Court first must be mindful of the fact that opinions regarding whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d.) Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity. *See, e.g.*, 20 C.F.R. §

404.1546(c).

Accordingly, it was entirely proper for the ALJ to reject Ms. Brunson's opinion that Plaintiff was unable to hold a meaningful job because this question was reserved for the Commissioner. The ALJ has the responsibility of determining whether Plaintiff was able to work, and therefore, Ms. Brunson's opinion regarding the issue was not entitled to special significance or controlling weight. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997.)

Furthermore, Ms. Brunson is not an acceptable medical source as defined in agency regulations; therefore, the ALJ was not required to give her opinion the same consideration he would be required to give to a treating physician's opinion.  The Code of Federal Regulations distinguishes between opinions from "acceptable medical sources" and those from "other sources." The code sets forth guidelines which the Commissioner must follow when weighing conflicting opinions from acceptable medical sources, while it contains no specific guidelines for the weighing of opinions from other sources. *See* 20 C.F.R. §§ 404.1513(a) and (e), 416.913(a) and (e). This omission permits the Commissioner to accord opinions from other sources less weight than opinions from acceptable medical sources. *Gomez v. Chater*, 74 F.3d 967 (9th Cir. 1996.)

As Ms. Brunson is a licensed clinical social worker, she is classified as an "other source" rather than an "acceptable medical source." *See* 20 C.F.R. § 404.1513.(a), (d)(1), 416.913(a), (d)(1).  Therefore, the ALJ properly did not afford Ms. Brunson's testimony the same weight he might have afforded a treating physician.

Even if Ms. Brunson was "an acceptable medical source" as defined by agency standards, the ALJ's decision not to afford Ms. Brunson's opinion controlling weight would be proper. An ALJ may refuse to give "substantial or considerable weight" to a treating physician's opinion if "'good cause' is shown to the contrary." *Crawford v. Comm'r of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis*, 125 F.3d at 1140.) There are a variety of reasons an ALJ may find "good cause" to give less weight to a treating physician's opinion, such as: "(1) treating  physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1140); see also *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding that "good cause" existed where the opinion was contradicted by other notations in the physician's own record.).

The ALJ articulated "good cause" for discounting Ms. Brunson's  opinions,

including: (1) the treatment plan Ms. Brunson developed for the plaintiff was inconsistent with her diagnosis and assessment of the plaintiff's condition; (2) Ms. Brunson's opinion was inconsistent with the opinion of the consultative examining physician, June Nichols, Psy. D.; and (3) Plaintiff's daily activities were inconsistent with Ms. Brunson's findings and undermined Ms. Brunson's opinions. (Tr. at 243.)

The record supports the ALJ's conclusion that Ms. Brunson's treatment plan conflicted with her opinion concerning Plaintiff's ability to hold a job. Although in the support letter and assessment Ms. Brunson submitted to the Department of Disability Services on May 23, 2011, she reported that the plaintiff was functionally impaired at a level of "marked to extreme" in all daily activities and unable to hold a job, the treatment plan Ms. Brunson created on June 13, 2011, portrayed Plaintiff's condition as being significantly less severe. (Tr. at 289-93, 315.) In the treatment plan, Ms. Brunson set a goal that the plaintiff's depressive and anxious symptoms cease to impair his ability to function by September 21, 2011. (Tr. at 315.) This goal indicates that Ms. Brunson believed that if the plaintiff followed the prescribed course of treatment, he would be capable of making a complete recovery within six months of beginning treatment. The ALJ correctly noted that the time frame given by Ms. Brunson's treatment goals indicated that the impairment did not meet the durational

requirement that the impairment must last or be expected to last for at least 12 months. *See* 20 C.F.R. §§ 404.1522; 416.922 (stating that an impairment or combination of impairments must last or be expected to last for at least 12 months to be considered a disability).

The ALJ also correctly rejected Ms. Brunson's opinion because it was inconsistent with the opinion of Dr. Nichols, who examined Plaintiff on November 24, 2009, at the request of Disability Determination Services. While Ms. Brunson indicated that Plaintiff's limitations were "marked" to "extreme," Dr. Nichols indicated that Plaintiff's limitations were significantly less severe. Dr. Nichols concluded that while the plaintiff had many characteristics commonly found in individuals with narcissistic personality disorder, Plaintiff's mental condition only "mildly compromised" his ability to relate interpersonally and withstand the pressures of every day-work. (Tr. at 244.) Dr. Nichols also found that Plaintiff did not have disabilities that would interfere with his ability to remember, understand, or carry out work-related instructions, manage his own funds, or live independently. (*Id.*)

Finally, the ALJ acted properly when he considered the range of Plaintiff's daily activities as grounds for rejecting Ms. Brunson's opinion. For example, Plaintiff told Dr. Nichols that he cared for his dogs, cooked, watched television, talked on the

phone, listened to music, and had friends with whom he socialized regularly. (*Id.*)
While these activities are not alone sufficient to find Plaintiff not disabled and capable
of working, *see Dyer v. Barnhart*, 395 F.3d 1206 (11th Cir. 2005) (holding that using a
plaintiff's activities as grounds for discrediting his claim of disability is permissible so
long as other medical evidence is also considered), an ALJ may properly consider a
plaintiff's activities together with the other evidence in accordance with the
regulations, SSR 96-7p, and Eleventh Circuit case law.   *See* 20 C.F.R. §
416.29(c)(3)(I).   The ALJ did that here.   (Tr. at 23-28.)   In sum, based on the
aforementioned reasons, the ALJ afforded Ms. Brunson's opinions proper weight.

IV.   Conclusion

    Upon review of the administrative record, and considering all of Mr. Kent's
arguments, the Court finds the Commissioner's decision is supported by substantial
evidence and in accord with the applicable law.   A separate order will be entered.

    Done this 7th day of August 2013.

                                    L. SCOTT COOGLER
                            UNITED STATES DISTRICT JUDGE
                                                    [160704]